Good morning everyone. The first argued case this morning is number 2013-1056, ANTICANCER, INC. v. PFIZER, and others. Mr. Clegg. Good morning, Your Honors. May it please the Court, my name is Richard Clegg, and I'm here today representing ANTICANCER, INC., which is the accountant in this case. ANTICANCER is asking this Court to reverse the District Court's grant of summary judgment of non-infringement in favor of the two defendants, PFIZER, INC., and CROWN-BIA, which I'll refer to as CROWN-BIA. The summary judgment was based solely and exclusively on ANTICANCER's preliminary infringement contentions, which ANTICANCER was required to serve only five years. Counsel, let me make sure I understand something. You're not arguing today the sufficiency of the preliminary infringement contentions, are you? No, I am arguing the sufficiency. Weren't those waived? Did you make those arguments below? Yes, we did. Because I don't see the sufficiency arguments up until we get into a reply brief. Were they included in your blue brief? Yes, they were. Okay. We argued that, in the blue brief, we argued that the first point we raised was that ANTICANCER had, in fact, complied with the requirements of the preliminary infringement contentions set forth in the local rules. We did not go into the technical details as to why it had responded. No, that's what I'm referring to. I'm referring to the sufficiency of the contingents. Well, that was something that we rebutted. The respondents raised that in their opposition brief or in their opening brief, and so we replied and asserted that we countered the contingents they had made regarding the three missing elements. And it's your argument that you made those arguments below, in the court below? Yes, absolutely. Absolutely. The arguments that we made here are essentially the same arguments that we made in the court below. And just to be clear, we're talking about whether the preliminary infringement contentions met all of the elements of the claims, of the asserted claims? Yes. Okay. Yes. And do I understand, I mean, your core argument about whether the local rule was satisfied is that the local rule is, you know, understand, the local rule is about contentions. It's not about evidence. There may be a dispute about the specificity of the contentions, but you can't be more specific than what you actually know. Right. That's the contention that we asserted in our opening brief. We focused more in the opening brief on the requirements of the local rules that say that you have to provide as much information as possible, and to the extent that you know information, you have to include it in your picks. Part of this case involves the length of time that you took in the discovery process. You didn't, once you submitted your preliminary infringement contentions, you didn't take any steps to gather additional information. So by the time the district court got around to making a summary judgment determination, you were pretty much stuck where you were. Well, and I was not trial counsel in the case below. I just picked up the case on appeal, but it is granted that no effort was made to conduct discovery. But, at the same time, four months... So if no effort was made to conduct discovery, then what's the basis of the argument that the court should not have issued a summary judgment determination at that point? Well, because the defendants in the case below were the ones who framed the issues in their summary judgment motion. They could have easily filed a summary judgment motion that included declarations and affidavits and evidence saying what they did or didn't do in their laboratories. They didn't do that. They chose to file a motion that was directed... But isn't it the preliminary infringement contentions what really frames a summary judgment? I mean, you can't have a defendant responding to something that you haven't claimed. Well, they could have filed a summary judgment motion that was substantive in nature. They could have come forward with declarations saying, we don't do this element. And if they had done that, we could have filed a Rule 56F response and taken discovery on that, and we could have responded to a substantive motion. So why didn't you file a Rule 56 protective type? Because it wasn't an option for us. The way they framed the issues in their summary judgment motion, they simply said that the PICS, which were served four months earlier and five days after anti-cancer first asserted its infringement claims, do not comply with the local rules. So the only issue was whether the PICS complied with the local rules. The content of the PICS was undisputed. What discovery could we have taken? Beyond that, I mean, the only thing that the court looked at was the PICS, the four corners of the PICS. Now, we submitted declarations in addition to the PICS in our opposition to their summary judgment motion. The district court ignored those declarations, which we think was wrong. Frankly, we don't think that this was a proper subject for summary judgment in the first place. The Celotex case makes clear that summary judgment has to be based on pleadings, discovery responses, requests for admissions, inter-office court responses, and affidavits if any are filed. And Celotex case also, and I hate to read from the... No, but you can't really dispute, can you, that if your preliminary infringement contentions had simply omitted to assert that the defendant's, whatever the language was, accused product or process met a particular claim element, that at that point the court could grant summary judgment on the ground that not having even contended that an element was found in the accused product, you're not going to be able to prove it either because you're bound by the contentions. I'm not suggesting that that's what this case is, but it doesn't seem to me improper to grant summary judgment on the ground that you have not even contended that an element is satisfied. In a case such as this, I think it is improper to rule on summary judgment. In a case that involves method claims and processes that are performed internally in secret by the defendants where the only information disclosed that's known to the plaintiff is information in posters and articles and most of the information about the details of what they've done are unknown. I guess I was really positing something that I do not see in this case, namely where your contention, you don't, you take claim one, element one, and you just don't say anything at all about it. You don't even say, to the best of our knowledge, this is what they must have done in the lab or this is what must be going on in the mice. I think under those circumstances, summary judgment might be appropriate, but looking to the language of the Celotex case, the Celotex case makes clear, and I hate to read, but I'm going to. Under Rule 56, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The court continues, in our view, the plain language of Rule 56 mandates the entry of summary judgment after adequate time for discovery and upon motion against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case. That's the basis, I'm sorry. To pursue the point that Judge Toronto raised, did you just concede to us that there was no allegation that, based on what was published in the articles, that there was, as they say, a significant basis for assuming or believing that the patented process was being used? No, I did not mean to say that. Our view is that the patented articles and the poster, I'm sorry, the poster and the article that we attached to the PICS clearly showed that they had used the patent processes. The problem was that, for example, the monitoring the promoter element in the 159 patent, that was one of the elements that they said was completely missing. We had figure two from their article that we attached to the PICS. Figure two was a photograph of a green glowing mouse embryo. In our view, that was not just a suggestion of how they infringed, that was evidence of the infringement. That was an example of how they had monitored the promoter. If you look to the claim language, the claim language says, observing the presence, absence, or intensity of the fluorescence generated by said fluorophore at various locations in said animal by whole body optical imaging, whereby the ability of said promoter to promote expression is monitored. So if you're observing the presence of the intensity of, if you're observing the presence of the fluorescence generated by said fluorophore, you are, under the claim language, by definition monitoring the ability of the promoter to promote expression. I see this argument in your reply brief, the one that you're making right now. Yes. And this is the one dealing with the promoter monitoring element and looking at a transgenic mouse expressing a GFP. But I don't see that you made that argument before the court. We did not make it specifically in those words, but in the opening brief, before the district court. Now you attached a picture, and a figure rather, but you didn't make, the arguments you're making now, you did not make before the district court. Is that correct? No, absolutely not. We submitted a declaration from Dr. Hoffman, the founder and the CEO of Anti-Cancer, laying out in detail why this, the exact same argument that we're making here, the court ignored that declaration, which we think was improper to do. In the context of a summary judgment motion,  Can I ask you a factual question? Sure. Did Wyeth get its mice from you? Did Wyeth get its mice from you? I don't know. I believe it did, but I don't know for a fact. And Wyeth was the predecessor of Pfizer. To sum up, as I see your argument, is that stated favorably to your position, that whatever information the district judge felt or believed or stated was missing, was secret, private information that was available only upon discovery? Yes, although we disagree that any information was missing from the PICS. On another point, the metastasis to a second site element in the 337 reissue patent, there is no such requirement in the 337 patent. What do you mean in your brief on page five, your opening brief, where you say the details of anti-cancer's patented method are not really at issue here? You know, when I said that, I was new to the case, and I had not fully comprehended the details of the technical issues. I was focused more on the fact that the local rules, the patent local rules required, and the court's order required anti-cancer to serve its PICS five days after it filed its infringement claims and before it had any opportunity to conduct discovery. I was focused more on that, and when I said that, I was making the argument that there was compliance with the PICS, but I didn't go into all the details. But I did point out that the local rules only require you to, they don't require you to reveal information that you don't know, but I did not discuss the details that I discussed in my reply brief when I replied to the arguments that they had made in their opening brief. All right, let's hear from the other side. Thank you, Your Honor. Mr. DePoto. Yes, Your Honor. Good morning. I think the panel has framed some very important questions in questioning the appellant. Basically, this was not really a motion that was simply directed at the adequacy of preliminary infringement contentions. This was a summary judgment motion. It was styled as a summary judgment motion. It was a Celotex motion, and it basically said, as a Celotex motion can, that there was no evidence that the defendants were aware of that supported the claims of infringement. Evidence is a subject of discovery, isn't it? When you say there's no evidence, what do you mean? Well, in a Celotex motion, Your Honor, the defendants are entitled to say. In this case, we understand Celotex. In this case, you say there's no evidence. They haven't had discovery, so where's the evidence? We had reviewed the preliminary infringement contentions. We had studied what was presented there, and from our review, it seemed, and we still believe this today, that they are missing three elements in two, in other words, in the patent claims, the three elements that we focused upon, and that they would not be able to prove it. There was nothing showing that in the preliminary infringement contentions where they tried to tie the patent claims to evidence of activity. So there was no evidence. There was nothing supporting it in the infringement contentions. So based on the infringement contentions, we made a Celotex motion and said, they are not going to be able to prove these elements, and it was then incumbent upon them in response to either provide evidence and make a showing or move under Rule 56D, which they did not do. But you see what's troubling. If the subject matter of the patented method is subject to being kept secret, then there's no way of ever enforcing, as they explain in their brief, their patent because it's secret. Right. And first of all, I would... Exactly. So is this how the law is supposed to work? Well, first of all, Your Honor, it's not secret. They actually had and based their preliminary infringement contentions upon an article and a poster, so there was indication that it was not completely something that was shielded. Why is that not sufficient evidence to overcome a summary judgment determination? Well, because it doesn't relate to the elements. In other words, we talked about promoter monitoring. They conceded, essentially, that there's no promoter involved in the material that they put forward, and they have one photograph that's not monitoring it. Counsel's statements this morning were not really evidence. I mean, these are his arguments that he's making here, not raised in the opening papers, so arguably waived before this Court. Can I interrupt? Why are we talking about evidence? The local rule doesn't talk about evidence. This is about contentions. Right. They say, where is this element in the YF experiment that then produced the results in the paper? They say, it's here. The local rule doesn't say anything about evidence. This is about contentions. It's a summary judgment motion, though. In other words, we used and the only information we had available about their claims. The only basis that the district court found for granting summary judgment was that there was a violation of the local rule. The local rule doesn't talk about evidence. So how is evidence relevant to the question whether the local rule is violated? This is about contentions, like the pleading contentions in rule subject to Twombly motions under Rule 12. That's about contentions, about claims. Evidence is about the support for claims. Local rules about contentions are not about evidence. They are supposed to frame the discovery of evidence that is then supposed to be presented later in a dispute with experts about whether there is a really triable issue, sufficient evidence that a trier of fact could find. But I'm really stuck on this preliminary issue. And I think I can answer it. The infringement contentions set out the plaintiff's case against the defense. They were, under the local rules existing at the time, final infringement contentions, which would be binding and limiting on the plaintiff in any trial summary judgment motion or whatever. So they set parameters. Subject to modification under whatever the other local rules. Subject to modification for good cause shown. Which we didn't have in this instance. There was no attempt to amend them. No attempt to take any further discovery. So those infringement contentions were going to set a limit on what they would be able to prove at a trial or summary judgment motion. We made a summary judgment motion under Cevatex. We said they will not be able to prove infringement. They're missing these three elements of the two patents that are relevant and assertive. Now you just importantly, I think, shifted language. Missing these elements. That can mean missing contentions as to these elements, which I don't think they are missing. Or it can mean missing evidence and support, which the local rule doesn't require them to provide. The local rule basically sets out what they will be able to rely upon as a final contention in the case. And so if we just fast forward to trial, and if we simply are sitting at a trial that would proceed in this case, they would then get up and whatever they would try to show at a trial would be limited and circumscribed by what were in their infringement contentions. That's the local rule. I have no trouble with that. Their contention said as to every single element of every claim that they were asserting, the Pfizer or YF experiment met this element. So they can contend all of that. And then the question is, what can they prove at trial? Well, I think there's a little bit more specificity in how the analysis has to be done. Well, I agree that there can be a dispute about level of specificity of contention. But two things. That's not a dispute about evidence. And second, the level of specificity, whatever it can be, can't be greater than what they know. Right. But the PICS set out what they may assert at trial. There will be a limitation on them at trial. It's like a pretrial statement. This is the evidence. No, it's not the evidence. These are the positions I'm going to take forward. I'm going to say that this part of the defendant's process infringes the patent. I'm going to say that these three elements, promoter monitoring, delivering cells, metastasis to a second site, are satisfied by this precise aspect of what I'm showing you. And that's what they're going to be held to. They're not allowed to ambush the defendants at trial by saying one thing in their infringement contentions and then coming in at trial with a completely different- But there can't be an ambush unless they're withholding some knowledge that they have. They said everything was- let me ask you the question. What did they know that they didn't say? Well, they have some theory of infringement in this case that they're planning to assert. What did they know about your experiments that they didn't say? I don't know what they knew about our- they seem to think that promoter monitoring would be satisfied by a particular aspect of our experiments, that metastasis to a second site would be satisfied by an experiment that doesn't even have a second site, for example. So they say the metastasis to a second site element is satisfied, and there's no second site in the experiment they show. This, to us, indicates why are we going to waste time and go forward in this case. They've had nine months from the time that they announced this was a patent case on September 21st until the time the judge enters her order. Why do defendants have to sit and watch and ask for specificity and information while someone does absolutely nothing, takes no discovery- But the initial information is, of course, not something you need to ask for. The initial information you have, it's your experiment. Right. You know what was done to produce the paper and the poster. We know what we did, but we had no- we don't believe we infringed. We think that this is a misguided assertion of infringement, and we wanted to bring it to an end, and we made a summary judgment motion under subtext, which we think is allowed, and they didn't either provide- all they provided was in the infringement contentions, which on their surface this district court found were insufficient and didn't prove, didn't establish, and didn't set forth a cognizable claim of infringement. I understand that it's not just you who are talking about evidence, but the district court as well. I'm as troubled by that as I am by your introduction of evidence into the picture. In response to a Celotex motion, the district court is entitled to talk about evidence, and we're entitled to talk about evidence, and the plaintiff should have been trying to gather evidence. Nine months went by, and there was no collection of any evidence. In fact, no discovery request at all, no Rule 56D request, nothing. And so these- it looked on the surface, and we stand by this today, that they don't state a claim, that they don't set forth a prima facie case of infringement based on these infringement contentions. If we fast forward the trial, they're not going to be able to put in any arguments different from those contentions, So they will- we will simply have to go forward at the trial, and watch them, limited as we object to their attempts to introduce further evidence, which they're not going to be allowed to do, to prove a case of merit. They could have uncovered additional evidence and amended the picks. That's the problem here, is that the court didn't allow that to happen. Rules on the summary judgment motion, based on the record, knowing that the picks were deficient. Well, Your Honor, I think the question is, what did the district court do to limit them? There was no order in this case preventing discovery. September 21st, they told the magistrate judge, we want to bring a patent claim. In November 14th, you know, several months later, they have to do these picks. It's almost two months later. But do I understand right that the order- I thought I understood that it was agreed, that they were actually forbidden to take discovery until November 1st or something? I think that based on the orders that were in the court and the early meeting of counsel, that the discovery would have been open around November 1st. That's correct. But in other words, they knew that they were bringing a patent case, and that they were making patent claims under these patents at least by September 21st when they told the district court and our son. They obtained the schedule saying you need preliminary infringement contentions and so forth. So when we get to November 14th, or whatever the date is that these contentions are framed, they've had almost two months to take their good faith analysis of the patents and the material they have and do something with it. They then had another three or four months before we brought a motion, and they had a total of nine months from September 21st to June 1st when the court entered its order. There was no prohibition against taking discovery. There was no prohibition of saying, wait a second, I want to take some discovery. You're telling us that they were authorized to take discovery in that two-month period? Are you talking about September 21? September 21 to November 1st. I think it probably was not open to them to take discovery. They were aware of their claims. They could have been writing their picks, but they could only take discovery from November 1. But from November 1 to June 1, when the order was granted- All right, so you're qualifying your previous response? Yes, I'm explaining my previous response. Okay, now you wanted to give Mr. Lee a couple of minutes. You used half of that time, but you can have the other half. Okay, I appreciate it. Good morning, Your Honors. I'm James Lee. I represent Crumb Bioscience. I want to talk about the 337 patent, which is the only patent involved for my client. For the 337 patent, Your Honors, the matter is simple. You don't even need to go into the issues regarding local rules or amendment of the picks, because if you come down to the key issues in any summary judgment motion, it's whether or not there is distilled material issue of fact, or alternatively, whether it's a Rule 56D request. Everybody agrees in this room that there was no Rule 56D request. Their argument was, well, we didn't have the option to make that request, but that's just a very strange argument, because the express language of a Rule 56D provides every opponent of any summary judgment motion. That's their case. The express language gives them the right to discover evidence, and they had no opportunity to do so. Why is it different for your client? If you don't have the evidence, then you need to file a Rule 56D request. A Rule 56 request is not just a request. It's an evidentiary requirement, because it requires a declaration. Under the Ninth Circuit law, which governs this issue, the declaration had to set forth three elements. One, you're seeking specific evidence through the additional discovery. Your opponent is saying he couldn't file the 56D motion because he didn't have the evidence, because he wasn't allowed to conduct discovery. Isn't that the issue here, whether the entry of summary judgment was appropriate in a situation where the plaintiff has not been allowed to conduct discovery? That's exactly the purpose of a Rule 56D. If you don't have the evidence, you need to file a request, and file a declaration to say why you need specific evidence to oppose this motion, why such evidence even exists, why such evidence is even essential. That's three elements you must set forth in your declaration for a Rule 56 request. That's evidentiary requirement. It cannot be cured. This defect in evidence cannot be cured on appeal with argument. The issues as to your client really seem to be those that we've been discussing overall. Is that too simple? Well, for my client, there's only two issues. Whether there's an adequate Rule 56 request, no, there isn't. Second, is there any disputed material issue of fact regarding the metastasis element? They admitted in their brief on the reply brief, page 19, they said instead of arguing that we have submitted evidence to show material issue of fact, they said this element of metastasis to the second side is not a limitation. That's their legal argument. So basically, they turned a defect in evidence into a legal argument, essentially a claim construction argument. A very simple claim construction argument, Your Honor, is the issue is whether or not the metastasis to the second side, that element is a limitation. Any unbiased person reads that claim. Are you saying it's for this court to make a decision on that claim construction? Yeah, it's like claim construction. If you decide that issue of claim construction, whether that element is a limitation, in our favor, you should affirm at least for the 337th time because they admitted they did not submit any evidence to dispute that issue. Basically, they are arguing a legal argument. They said, oh, that's not a limitation at all. That issue can be easily decided by this court. And you handle those kind of issues every day. Thank you, Mr. Lee. Mr. Clegg, you have, let's see. Let's extend the time for as much as we've run over, wherever that takes us, about four minutes, four or five minutes. Okay. What's your response to your opponent's argument that on page 19 of your brief, he said metastasis to a second side is not a required element of the claim? Well, the district court never construed the claims in connection with any summary judgment ruling that she made. Okay. Is it a limitation in the claim? It's not a limitation in the claim. The claims require that the claims are directed to an animal. They're not directed to a method. They're directed to a mouse. Okay. And the claims require that the mouse have sufficient immunodeficiency to allow metastasis to a second site. Okay. They don't require metastasis to a second site. That would turn them into a method claim or a product by process claim of some sort. The focus in Claim 1 of the 337 patent is on the characteristics of the mouse. The mouse has to be... It says a nude mouse, which means it's immunodeficient. Having sufficient immunodeficiency to allow metastasis to a second site. Okay. But it doesn't require metastasis to a second site. And the interesting thing is that if you look to the title of the poster that they published, it almost says it all. The title is Establishment of the Orthotopic Primary Human Hepatocellular Carcinoma Model for Oncology Drug Discovery. They're admitting in the title of the poster that it's orthotopic, meaning that you have cells from a human liver being put into a mouse liver or cells from a human brain being put into a mouse brain. They're admitting that it's a neoplastic disease, that it's cancer, basically. That's what neoplastic means. It's new cells that form abnormally or irregularly. So when Mr. Lee says that it's a claim construction issue, it's a claim construction issue that the court, the district court, should have addressed. The district court erred when she accepted their argument that metastasis to a second site was a requirement. She just never went there. She just bought their arguments lock, stock, and barrel and granted summary judgment. So now as to Mr. Lee's arguments regarding Rule 56D, I disagree with what he said because the way they framed the issues in their summary judgment motion, all that mattered was the language of the PICS and whether the PICS complied with the patent local rules. If we had taken discovery, if we'd filed a Rule 56D request and had come back with additional evidence, the district court would have ignored that evidence the same way she ignored the declarations of Dr. Hoffman that we submitted. She didn't want to hear any other evidence. She considered those to be new theories. Well, you don't know whether it would have been ignored. You really have to convince us that it should have been considered. Well, all I know is that the declarations that we submitted to her from Dr. Hoffman, she did ignore those. She said this is new theories that are not set forth in the PICS and essentially she didn't look beyond the four corners of the PICS to determine whether the PICS were sufficient. Now, Mr. DeBoto said that we made a summary judgment motion under Celotex. This was not a Celotex motion. It was not a motion under Celotex. Celotex talks about a motion that is based on discovery responses, pleadings, requests for admissions, responses to interrogatories, and affidavits, if any. And it's a motion that's brought after the non-moving parties had an opportunity to take discovery. This is not what happened here. They could have filed a motion under Celotex. They could have filed a summary judgment motion if, as Mr. DeBoto contends, they just didn't infringe the patents. They could have come in and said this is wrong because we did not do this step. This is what we did in our laboratory. And then we would have had an opportunity to file a Rule 56D response. Isn't that kind of like in reverse the way it should work? I mean, shouldn't a plaintiff file his contentions, his allegations, and say this is how I'm going to prove my case, this is my theory, these are my preliminary infringement contentions, and I'm asking the court to frame discovery based on those preliminary contentions. I'm advising the opposition what my theory is, what the contentions are. We essentially alerted the opposition of what our theory was, saying you infringed it by doing what you did in this article. Do you concede that the picks were deficient? No, I don't concede that they were deficient. As we set forth in our reply brief, for the reasons we set forth in our reply brief, the court summary judgment ruling was based on erroneous claims instructions and basically accepting Pfizer's sort of mocking attitude about our evidence. Pfizer knows that if you have a green glowing mouse, you had delivery of cells to that mouse, because mice don't glow green without having some cells delivered to them that are glowing green. Pfizer knows that there was a promoter promoting the expression of GFP, green fluorescent protein, in those cells, because promoter is what turns the gene on. Why didn't you make these arguments to district court? You're arguing the sufficiency of the picks to us now. We made these arguments to the district court. We made all these arguments. We submitted a declaration from Dr. Hoffman that made all the arguments that we're making now. In response to my question, you said you do not concede that the picks were deficient. Yet, that's an issue that the court was looking at, and I don't see that you argued the sufficiency of the picks below. We did. We did, Your Honor. I can only say that we did, and we submitted a declaration from Dr. Hoffman that is not part of the record here, but Dr. Hoffman made all the same arguments that I made here today regarding the metastasis to a second side argument. Why should the defendants offer up the green mouse if you haven't put before the court claims in controversy or limitations that assert a green mouse? We had asserted a green mouse. We attached to our picks their photograph of a green glowing mouse. I think we must move on. Any more questions? Thank you, Your Honor. Thank you, Mr. Lee and Mr. DeVoto.